IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CASE NO. _____ ) |
| HILLIARD MUÑOZ GONZALES LLP, HMG, LLP and ROBERT C. HILLIARD, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff New York Marine and General Insurance Company, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby seeks a declaratory judgment as to Defendants Hilliard Muñoz Gonzales LLP, HMG, LLP and Robert C. Hilliard for the purpose of determining a question of actual, immediate controversy between the parties.

**NATURE OF THE COMPLAINT**

1.  Plaintiff New York Marine and General Insurance Company ("NYM") brings this declaratory action to establish that its insurance policy does not extend coverage to Hilliard Muñoz Gonzales LLP, HMG, LLP or Robert C. Hilliard in connection with an underlying arbitration filed against HMG, LLP and Mr. Hilliard by claimants who initially brought their claims against HMG, LLP and Mr. Hilliard in a cross-petition filed in a state court lawsuit.

2.  NYM issued Primary Lawyers Professional Liability Insurance Policy No. PL201300000284 (the "Policy") to Defendant Hilliard Muñoz Gonzales LLP for the period December 23, 2013 to January 6, 2015.[1] Hilliard Muñoz Gonzales LLP is a distinct entity from Defendant HMG, LLP and was not a party to the cross-petition or underlying arbitration.

---

[1] A true and correct copy of the Policy, with premium information redacted, is attached as Exhibit A.

3. Prior to initiating the underlying arbitration proceedings against HMG, LLP and Robert C. Hilliard, claimants William "Max" Duncan, Jr. and Duncan Litigation Investments, LLC ("DLI," and collectively, the "Duncan Parties") were co-defendants along with Hilliard Muñoz Gonzales LLP and Robert C. Hilliard in a state court lawsuit styled *Thim T. Nguyen, et al. v. Mikal Watts, et al.*, Cause No. 2016-13749, in the 55th Judicial District Court of Harris County, Texas (the "*Nguyen* lawsuit"). In 2018, the Duncan Parties filed a cross-petition against HMG, LLP and Robert C. Hilliard in the *Nguyen* lawsuit, seeking to recover approximately $6,000,000 in funds advanced by the Duncan Parties to HMG, LLP and Mr. Hilliard for BP oil spill litigation expenses.

4. The Duncan Parties subsequently successfully moved to compel arbitration, and thereafter filed a complaint in arbitration, naming HMG, LLP and Robert C. Hilliard as respondents (the "Arbitration"). The Arbitration has since concluded.

5. NYM declined coverage for the Arbitration on the grounds that (1) HMG, LLP is not an Insured under the Policy and Mr. Hilliard is not an Insured in connection with the conduct giving rise to the Arbitration, (2) the conduct by Mr. Hilliard forming the basis for the Arbitration does not constitute Professional Services under the Policy, (3) the Duncan Parties did not seek any covered form of damages, and (4) Mr. Hilliard could not satisfy the "no prior knowledge" condition to coverage.

6. Hilliard Muñoz Gonzales LLP, HMG, LLP, and Mr. Hilliard dispute NYM's coverage position.[2]

7. Accordingly, in order to resolve the disagreement between the parties, NYM brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the parties' respective rights and obligations under the Policy.

---

[2] It is not entirely clear whether HMG, LLP disputes NYM's coverage position.

Specifically, NYM seeks a judgment declaring the Policy does not extend coverage for the claims asserted in the Arbitration.

## THE PARTIES

8. NYM is an insurance company organized and existing under the laws of the State of New York with its principal place of business in Morristown, New Jersey.

9. Upon information and belief, Defendant Hilliard Muñoz Gonzales LLP is a Texas limited liability partnership with its principal place of business in Nueces County, Texas.

10. Upon information and belief, Defendant HMG, LLP is a Texas limited liability partnership with its principal place of business in Nueces County, Texas.

11. Upon information and belief, Defendant Robert C. Hilliard is an individual resident citizen of Nueces County, Texas.

## JURISDICTION AND VENUE

12. There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the existence, or lack thereof, of insurance coverage available to Hilliard Muñoz Gonzales LLP, HMG, LLP and Mr. Hilliard (collectively, the "Hilliard Defendants") for the claims asserted against them in the Arbitration.

13. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the Hilliard Defendants have diverse citizenship from NYM and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This action is further based on 28 U.S.C. § 2201, which provides that this Court, upon the filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such a declaration.

14. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this lawsuit took place in this District, and because Mr. Hilliard is a resident of this District.

## **FACTUAL BACKGROUND**

15. The factual background is drawn entirely from publicly available information. Pursuant to Texas Civil Practices & Remedies Code § 154.073, NYM has not referenced herein any communications (including any pleadings) made by the Duncan Parties, HMG, LLP, or Mr. Hilliard in the Arbitration proceeding, and has not referenced the outcome of the Arbitration or any ruling by the Arbitration panel, other than the non-confidential facts that the Arbitration has concluded and coverage has been sought in connection with the Arbitration.[3]

### A. The BP Oil Spill litigation investment

16. On April 20, 2010, BP's Deepwater Horizon drilling rig exploded, causing millions of gallons of oil to leak into the Gulf of Mexico (the "BP Oil Spill").[4]

17. On June 10, 2010, non-parties Mikal C. Watts, P.C. and Robert C. Hilliard, LLP[5] agreed to jointly handle BP Oil Spill victims' cases and entered into a joint venture agreement for that purpose (the "JVA").[6] The JVA obligated Robert C. Hilliard, LLP to provide up to $6,000,000 for litigation expenses.[7] Mr. Hilliard asked Mr. Duncan, a family friend and non-attorney, to cover those expenses in exchange for 50% of Mr. Hilliard's future legal fees.[8]

18. In July 2010, Mr. Hilliard (individually), HMG, LLP, and DLI entered into a Litigation Investment Agreement with an effective date of July 1, 2010 (the "LIA"), pursuant to

---

[3] Such communications and information will be relevant and determinative of NYM's request for declaratory relief and the parties will have to address in their Rule 26(f) conference how to present these issues for determination in this proceeding.
[4] *See, e.g., In re Oil Spill by the Oil Rig Deepwater Horizon*, 731 F. Supp. 2d 1352, 1353 (J.P.M.L. 2010).
[5] Robert C. Hilliard, LLP is an entity separate and distinct from individual Robert C. Hilliard.
[6] *See generally*, JVA. A true and correct copy of the document entitled "Watts Hilliard Joint Venture Agreement Concerning Certain Deepwater Horizon Oil Spill Cases" (referred to herein as the "JVA") that plaintiffs referenced in and filed as an exhibit to their pleadings in the *Nguyen* lawsuit is attached as Exhibit B.
[7] *See* JVA, p. 2.
[8] *See* Duncan Parties' Amended Cross-Petition ("ACP"), ¶¶ 13, 21. A true and correct copy of the ACP filed by the Duncan Parties in the *Nguyen* lawsuit is attached as Exhibit C.

4

which DLI agreed to pay up to $6 million to Mr. Hilliard and HMG, LLP.[9] Mr. Hilliard executed the LIA individually and on behalf of HMG, LLP in his capacity as HMG, LLP's Managing Partner.[10]

### B. The *Nguyen* lawsuit, cross-petition, and Arbitration

19. In 2016, Gulf of Mexico fisherman Thim T. Nguyen initiated the *Nguyen* lawsuit against Mr. Hilliard, Hilliard Muñoz Gonzales LLP, Robert C. Hilliard, LLP, Mr. Duncan, DLI, and others in Texas state court. Ms. Nguyen and others alleged a fraudulent scheme among the defendants in connection with the prosecution of claims relating to the BP Oil Spill. Specifically, defendants were alleged to have conspired to file claims on behalf of thousands of fictional "clients" in order to collect millions of dollars in attorneys' fees;[11] Mr. Duncan and DLI were accused of knowingly financing the scheme.[12]

20. On February 13, 2018, Mr. Duncan filed an original cross-petition against Mr. Hilliard and HMG, LLP in the *Nguyen* lawsuit; on February 23, 2018, Mr. Duncan filed an amended-cross petition (the "ACP"), which added DLI as a cross-plaintiff. In both the original cross-petition and the ACP, Mr. Duncan/the Duncan Parties claim they were targeted and defrauded by Mr. Hilliard and HMG, LLP into investing in the BP Oil Spill litigation.[13] Hilliard Muñoz Gonzales LLP is not a party to or referenced in the original cross-petition or ACP, and the original cross-petition and ACP do not include any allegation that Mr. Hilliard was acting on behalf of Hilliard Muñoz Gonzales LLP at any time.

---

[9] *See* ACP, ¶¶ 21-24; *see also* LIA, p. 1. A true and correct copy of the document entitled "Litigation Investment Agreement" (referred to herein as the "LIA") that HMG, LLP and Mr. Hilliard referenced in and filed as an exhibit to their pleadings in the *Nguyen* lawsuit is attached as Exhibit D.
[10] *See* LIA, p. 5.
[11] *Nguyen* Eighth Amended Petition ("*Nguyen* EAP"), pp. 5-6, 9. A true and correct copy of the *Nguyen* EAP is attached as Exhibit E.
[12] *Nguyen* EAP, p. 6. The court dismissed the claims against Mr. Hilliard, Hilliard Muñoz Gonzales LLP, and Robert C. Hilliard, LLP in the *Nguyen* lawsuit on January 9, 2018 on limitations grounds, and the *Nguyen* plaintiffs' appeal of that ruling remains pending.
[13] *See* Duncan's Original Cross-Petition, ¶ 12; *see also* ACP, ¶ 14. A true and correct copy of the Original Cross-Petition filed by Mr. Duncan in the *Nguyen* lawsuit is attached as Exhibit F. NYM was not notified of or provided with a copy of the Original Cross-Petition, but obtained a copy through the court's online docket.

5

21.     In May 2018, the court ordered the Duncan Parties' claims to arbitration, and the Duncan Parties filed their Second Amended Complaint in Arbitration ("SAC") against Mr. Hilliard and HMG, LLP in September 2018.

22.     On July 11, 2019, Hilliard Muñoz Gonzales LLP, HMG, LLP, and Mr. Hilliard advised NYM of the conclusion of the Arbitration and demanded coverage in connection with the Arbitration.[14]

**C.      The Policy**

23.     NYM issued Policy No. PL201300000284 to Named Insured Hilliard Muñoz Gonzales LLP for the period December 23, 2013 to January 6, 2015. The Policy is a Claims Made Policy that contains the following relevant provisions:

**I. COVERAGE**

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as Damages for Claims first made against the Insured and reported to the Company during the Policy Period, subsequent renewal thereof, or any applicable Extended Reporting Period arising out of any act, error, omission or Personal Injury in the rendering of or failure to render Professional Services for others by an Insured covered under this policy. Provided always that such Professional Services or Personal Injury happen:

A.  during the Policy Period; or

B.  prior to the Policy Period provided that prior to the effective date of the first Lawyers Professional Liability Insurance Policy issued by this Company to the Named Insured or Predecessor in Business, and continuously renewed and maintained in effect to the inception of this policy period: … the Named Insured, any partner, shareholder, employee, or where appropriate the Named Insured's management committee or any member thereof, had no reasonable basis to believe that the Insured had breached a professional duty or to reasonably foresee that a Claim would be made against the Insured [the "no prior knowledge condition"].[15]

---

[14] It is not entirely clear if HMG, LLP is seeking coverage under the Policy.
[15] *See* Exhibit A at § I. The first Policy issued to Hilliard Muñoz Gonzales LLP or a Predecessor in Business incepted on December 23, 2011.

6

## II. PERSONS INSURED

Each of the following is an Insured under this policy to the extent set forth below:

    A. The entity or person named in Item 1 of the Declarations as the Named Insured;

    B. Any Predecessor in Business or Successor in Business;

    D. Any current partner, director, stockholder or employed lawyer of any person or entity specified in Item A. or B. above, but only while performing Professional Services on behalf of any person or entity specified in sections A., B. [16]

## VIII. DEFINITIONS

"**Damages**" means a monetary judgment or monetary award which the Insured is legally obligated to pay, including punitive damages or a monetary settlement which the Company agrees to on behalf of the Insured, but does not include fines, penalties, court-imposed monetary sanctions or return of legal fees, costs or expenses. Damages does include the monetary portion of any judgment, award, or settlement and any multiples of actual damages under the Texas Deceptive Trade Practices and Consumer Protection Act, Texas Business and Commerce Code, sections 17.41 et. seq. (DTPA).

"**Insured**" means any person or organization qualifying as an Insured in the "Persons Insured" provision of this policy. The insurance afforded applies separately to each Insured against whom Claim is made or suit is brought, except with respect to the Company's limits of liability.

"**Named Insured**" means the person or organization named in Item 1. of the Declarations of this policy.

"**Predecessor in Business**" means any legal firm which has undergone dissolution and one of the following has occurred: (a) some or all of such firm's principals, owners, officers or partners have joined the Named Insured, provided such persons were responsible for producing in excess of 50% of the prior firm's annual gross billings and such billings have been assigned or transferred to the Named Insured; or (b) at least 50% of the principals, owners, partners or officers of the prior firm have joined the Named Insured; or (c) at least 50% of the prior firm's financial assets/liabilities have been assumed by the Named Insured.

"**Professional Services**" means… services performed or advice given by the Insured in the Named Insured's practice as a law firm or legal professional[.]

"**Successor in Business**" means, after dissolution of the Named Insured, any law firm in which one of the following has occurred: (a) some or all of the principals, owners, officers and/or partners of the Named Insured have joined an existing, or

---

[16] *Id.* at § II.

formed a new, law firm provided such persons were responsible for producing in excess of 50% of the Named Insured's annual gross billings at the time of dissolution and such billings have been assigned or transferred to the successor law firm; or (b) at least 50% of the principals, owners, partners or officers of the Named Insured have joined an existing, or formed a new law firm; or (c) at least 50% o[f] the Named Insured's financial assets/liabilities have been assumed by the successor law firm; provided this policy does not apply to Professional Services or Personal Injury if the Successor in Business is also an Insured under any similar liability or indemnity policy, or would be an Insured under any such policy but for exhaustion of its limits of liability. Coverage for a Successor in Business shall terminate at the earlier of policy termination or 90 days from the date of dissolution of the Named Insured unless written notice is given to the Company, together with such information as the Company may request, and the Successor in Business shall pay any additional premium required in the event the Company agrees to continue the policy.[17]

**D.**  **The coverage dispute**

24. NYM declined coverage for the *Nguyen* lawsuit and each subsequently amended pleading on March 10, May 12, August 5, and October 12, 2016; January 5, June 15, and November 6, 2017; and January 11, 2018. NYM declined coverage on the grounds that the allegations did not fall within the scope of the Policy's Insuring Agreement, the Insureds could not satisfy the "no prior knowledge" condition, Mr. Hilliard was not an Insured in connection with the conduct giving rise to the Claim, and Exclusion A (business enterprise) independently precluded any coverage. NYM additionally reserved rights pursuant to Exclusion B (dishonest and fraudulent acts), Exclusion E (mental distress), and the definition of Damages, and also reserved the right to present additional bases to deny coverage at a later time. Hilliard Muñoz Gonzales LLP disputed NYM's March 10, 2016 declination via April 5, 2016 letter, but did not respond to the declinations set forth in NYM's subsequent correspondence.[18]

---

[17] *Id.* at § VIII., as amended by Texas Amendatory Endorsement ¶ 1.
[18] NYM understands Hilliard Muñoz Gonzales LLP no longer disputes NYM's coverage determination with respect to the *Nguyen* lawsuit.

25. NYM declined coverage for the ACP on March 19, 2018 on the grounds the ACP constituted the same Claim as the *Nguyen* lawsuit,[19] the "no prior knowledge" condition to coverage could not be satisfied, and Exclusion A (business enterprise) independently precluded any coverage; NYM additionally declined coverage for the reasons set forth in its prior *Nguyen* lawsuit coverage correspondence, and continued to reserve all rights. The Hilliard Defendants did not dispute NYM's March 19, 2018 declination of coverage.

26. On October 9, 2018, NYM declined coverage for the Arbitration on the grounds the SAC (like the ACP) constituted the same Claim as the *Nguyen* lawsuit, HMG, LLP was not an Insured under the Policy, and the "no prior knowledge" condition to coverage could not be satisfied. NYM additionally declined coverage for the reasons set forth in its prior *Nguyen* lawsuit and ACP coverage correspondence, and continued to reserve all rights. The Hilliard Defendants did not dispute or otherwise respond to NYM's October 9, 2018 declination of coverage until July 11, 2019, more than nine months later, when they demanded coverage for the claims asserted against Mr. Hilliard and HMG, LLP in the Arbitration.

27. On July 31, 2019, NYM continued to decline coverage for the Arbitration for the reasons previously asserted, as well as on the grounds that HMG, LLP is not an Insured under the Policy and Mr. Hilliard is not an Insured in connection with the Arbitration. The Hilliard Defendants dispute NYM's declination of coverage.

---

[19] The Policy provides that "[a]ll Claims arising from the same or related act, error or omission or Personal Injury shall be considered a single Claim for the purpose of this insurance and shall be subject to the same limit of liability" and "[a]ll Claims arising out of the same or related act, error, omission or Personal Injury shall be considered as having been made at the time the first such Claim is made, and shall be subject to the same limit of liability and deductible." *See* Exhibit A at § III. A. and § V.

## CAUSE OF ACTION
### (Declaratory Judgment)

28. NYM adopts and incorporates by reference Exhibits A through F and the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

29. "The duty to defend and the duty to indemnify enjoy a degree of independence from each other. The duty to defend arises before litigation is completed, thus the determination as to duty to defend is according to the eight-corners rule wherein only the pleadings and the policy language are considered. On the other hand, the insurer's duty to indemnify is determined based on the facts actually established in the underlying suit." *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 334 S.W.3d 217, 219 (Tex. 2011) (citations and internal quotation marks omitted).

30. The only parties named in and bound by the Arbitration are HMG, LLP and Mr. Hilliard in his capacity as a partner of HMG, LLP. HMG, LLP is not an Insured under the Policy, and Mr. Hilliard is not an Insured in connection with the conduct giving rise to the Arbitration because his conduct at issue was not actually or allegedly on behalf of Hilliard Muñoz Gonzales LLP or its Predecessor in Business ("PIB") or Successor in Business ("SIB"). Accordingly, the Policy does not extend coverage to the claims asserted in the Arbitration because neither HMG, LLP nor Mr. Hilliard is an Insured.

31. The Duncan Parties did not assert any claims against, or make any allegation of vicarious or other liability on the part of, Hilliard Muñoz Gonzales LLP, its PIB or SIB, or any other purported Insured entity or person. Accordingly, the Policy does not extend coverage to the claims asserted in the Arbitration because no claim was made against any Insured.

32. The Arbitration did not arise out of or allege any act, error, or omission in the rendering of or failure to render services by Mr. Hilliard in Hilliard Muñoz Gonzales LLP's practice

as a law firm. Accordingly, the Policy does not extend coverage to the claims asserted in the Arbitration because the conduct at issue did not constitute Professional Services.

33. Only non-Insureds HMG, LLP and Mr. Hilliard were parties to the Arbitration, and thus any monetary judgment or award could not be one "which the Insured is legally obligated to pay." Further, the Duncan Parties sought a return of their investment in the BP Oil Spill litigation expenses, and a return of legal fees, costs, or expenses is not a covered form of Damages. Accordingly, the damages sought in the Arbitration did not fall within the scope of any coverage under the Policy.

34. On information and belief, Mr. Hilliard was aware of facts prior to December 23, 2011 that would lead an objectively reasonable attorney to foresee that a Claim would be made. Accordingly, Mr. Hilliard cannot satisfy the "no prior knowledge" condition, and the Policy therefore does not extend coverage to the claims asserted in the Arbitration.

35. Other coverage defenses may be revealed during discovery in this action, and NYM therefore incorporates all Policy terms, conditions, exclusions, and other provisions as defenses to any claims of coverage by the Hilliard Defendants.

## PRAYER FOR RELIEF

36. There is an actual, present, and existing controversy between NYM and the Hilliard Defendants regarding NYM's obligations under the Policy and the insurance coverage available to the Hilliard Defendants under the Policy in connection with the Arbitration. This substantial dispute between parties of adverse legal interests is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37. **WHEREFORE,** NYM respectfully requests that this Court, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, exercise jurisdiction over this matter and enter a declaratory judgment that:

(a) Declares NYM does not owe defense or indemnity to HMG, LLP for the claims asserted in the Arbitration;

(b) Declares NYM does not owe defense or indemnity to Mr. Hilliard for the claims asserted in the Arbitration;

(c) Declares NYM does not owe defense or indemnity to Hilliard Muñoz Gonzales LLP or any other purported Insured entity or person for the claims asserted in the Arbitration;

(d) Declares NYM has no responsibility or obligation to Hilliard Muñoz Gonzales LLP, HMG, LLP, Mr. Hilliard, or any other entity or person for the claims asserted in the Arbitration; and

(e) Awards any such other and further relief, legal or equitable, as may be just and proper.

Respectfully submitted,

By: _/s/ Ricky Rosenblum_
    Ricky H. Rosenblum (attorney-in-charge)
    Texas Bar No. 17276100
    Southern District of Texas Bar No. 13015
    Roberta J. Benson (of counsel; Southern District Bar renewal application pending)
    Texas Bar No. 00788400
    Michael J. McClain (of counsel; *pro hac vice* application forthcoming)
    Texas Bar No. 24089186
    **THE BENSON FIRM PLLC**
    11401 Century Oaks Terrace, Suite 245
    Austin, Texas 78758
    Telephone: (512) 774-6062
    Facsimile: (512) 774-6072
    Email: rick.rosenblum@thebensonfirm.com
           roberta.benson@thebensonfirm.com
           michael.mcclain@thebensonfirm.com

*Attorneys for Plaintiff New York Marine and General Insurance Company*